**SANDERS LAW GROUP**
Craig B. Sanders Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Ste. 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124855
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Barbera, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Miley Ray Cyrus, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Robert Barbera ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Miley Ray Cyrus ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to these images which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a social media account with the name of "mileycyrus" on Instagram (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Robert Barbera is an individual who is a citizen of the State of New York and maintains a principal place of business at 98 Suffolk St., Manhattan in New York City, New York.

6. Upon information and belief, Defendant Miley Ray Cyrus, is an individual who is a citizen of the State of California and who resides at 11524 Amanda Drive, Studio City in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Miley Ray Cyrus because she is domiciled in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Miley Ray Cyrus resides in this Judicial District and/or because a substantial part of the events or

omissions giving rise to the claim occurred in this Judicial District.

# FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Account is associated with Defendant.

15. Defendant has exclusive access to post content on Defendant's Instagram Account.

16. Defendant uses the Account to promote her brand as well as her financial interests including her musical works and associated business ventures.

17. On February 13, 2020, Plaintiff authored a photograph of Miley Ray Cyrus waving to onlookers as she exited a building (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Photograph on or about April 11, 2020 under Application No. 1-8727588631.

19. The Photograph was registered by the USCO on April 11, 2020 under Registration No. VA 2-202-074.

20. On May 10, 2020, Plaintiff first observed the Photograph on the Account in a post dated February 13, 2020. A copy of the screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

21. A copy of the Photograph was displayed on Defendant's Instagram Account at https://www.instagram.com/p/B8hWbm_pzjD/.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Account.

23. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

25. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly displayed by Defendant on the Account.

26. Upon information and belief, Defendant takes an active and pervasive role in the content posted on her Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

27. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

28. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

29. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on her Account and exercised and/or had the right and ability to exercise such right.

30. Upon information and belief, Defendant monitors the content on her Account.

31. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

32. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in the revenues generated via the sale of Defendant's musical works or via her various associated

business partnerships and/or ventures.

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

34. Defendant's Instagram Account has an immense presence on the social media platform with over 169 million followers who interact with the Account.

35. The expansive scope of the dissemination of Plaintiff's Photograph via the Account only credits the notion that Defendant's impermissible use has crippled if not destroyed the potentiality of any market for the Photograph by Plaintiff.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Photograph in

any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for

statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

46. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided

by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 9, 2022

**SANDERS LAW GROUP**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124855

*Attorneys for Plaintiff*